**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:20-CV-00091-GNS-HBB**

STEFANEE DAWKINS                                                                                      PLAINTIFF

VS.

KNIGHT SPECIALTY INSURANCE COMPANY                                         DEFENDANT

## MEMORANDUM OPINION
## AND ORDER

Before the Court is the motion of Plaintiff Stefanee Dawkins to compel a Rule 30(b)(6) deposition of a representative of Defendant Knight Specialty Insurance Company (DN 26).  Knight has responded in opposition (DN 29).  The time for Dawkins to file a reply has expired and this matter is ripe for determination.  For the foregoing reasons, Dawkin's motion to compel is **DENIED**.

## NATURE OF THE CASE

This action is pending before the Court under diversity jurisdiction. Dawkins is a resident of Georgia and Knight's principal place of business is Delaware.  On January 10, 2019 Dawkins was involved in a motor vehicle collision in Kentucky with an uninsured motorist.  She brings this action against Knight under her contract of insurance for recovery of uninsured motorist benefits (DN 1-2, p. 5-7).

## DAWKINS' MOTION

Dawkins has served a notice of deposition on Knight pursuant to Fed. R. Civ. P. 30(b)(6) for the production of a corporate representative to testify on the following topics:

> 1. Knight's position regarding whether or not, or to what extent, Plaintiff has complied with the terms and conditions of the insurance contract;
> 2. The terms of Plaintiff's insurance policy;
> 3. Plaintiff's claim file with Knight;
> 4. Knight's position regarding all claims asserted by Plaintiff;
> 5. Knight's position regarding all defenses asserted by Knight;
> 6. Knight's position regarding liability in this matter;
> 7. Knight's knowledge of Stefanee Dawkins;
> 8. Knight's position related to any coverage related issues;
> 9. Knight's position regarding Plaintiff's injuries and damages;
> 10. Knight's position regarding the medical treatment, billing, and reputation of Plaintiff's medical providers;
> 11. Any and all details related to any investigation, whether ongoing or concluded, within the last ten (10) years of any of Plaintiff's medical providers;
> 12. Any internal practice, policy, position, procedure, or custom related to any of the Plaintiff's medical providers.

(DN 26-1).

Knight has objected to the notice as inquiring into topics that are not relevant to the issues in the case and encroaching upon attorney-client privilege.

Dawkins' defense of her notice of deposition begins with an observation that claims for uninsured motorist benefits (UM) are contractual in nature, and her action against Knight is one for breach of contract. As such, she contends, she is entitled to discovery on any matter, not privileged, and which is relevant to the subject matter of the case. Much of her motion is devoted to the mechanism and purpose of depositions under Rule 30(b)(6). Her substantive argument as to the relevance of the deposition topics is contained in the following portion of her motion:

> 1. Paragraphs 1 & 2 request information related to Plaintiff's insurance policy, coverage issues, and Knight's position as to whether or not the Plaintiff has complied with the terms of the policy contract, and/or to what extent. Failure to comply with the terms of the policy is a foreseeable defense, and as such Plaintiff is entitled to discovery on matters related to any possible coverage related issues. Plaintiff also has the right to verify the amounts of coverage and inquire as to whether there could be additional policies available to Plaintiff.

2. Paragraphs 3, 4, 5, 6, 7, 8, 9, 10, 11 generally request information related to the underlying tort and Plaintiff's resulting injuries. Specifically, they request information in Knight's possession regarding Plaintiff's claims; Knight's possible defenses; liability issues; and Plaintiff's injuries and damages, including Plaintiff's medical treatment and bills. Defendant Knight has repeatedly argued that these topics are the only relevant issues for this case, yet Knight refuses to make a representative available to discuss these matters.

3. Paragraphs 9, 10, 11, 12 request information about Knight's position relating to medical bills, medical treatment, and medical providers. A common defense in personal injury claims is that the medical provider overbilled for treatment or unrelated treatment. Plaintiff certainly has a right to know if or which of Plaintiff's bills and treatment are specifically disputed or if the Defendant intends to argue that the medical provider is not reputable or credible.

(DN 26, p. 5).

KNIGHT'S OPPOSITION

Knight disputes Dawkins' characterization of this action as one for "breach of contract." While Knight agrees that the action is predicated on a contractual relationship, it asserts that it has done nothing to breach the contract. Rather, the action is for enforcement and recovery under the contract. Given that the claim is for UM benefits, Knight argues that the "essential facts" which Dawkins must prove, and which establish the relevant topics of discovery are that "(1) 'the offending motorist is a tortfeasor,' and (2) 'the amount of damages caused by the offending motorist'" (DN 29, p. 1, *quoting* United States Fid. & Guar. Co. v. Preston, 26 S.W.3d 145, 148 (Ky. 2000)). Referencing its answers to interrogatories and requests for admission, Knight contends that there is no dispute that Dawkins was insured under Knight's policy and that the policy provides UM benefits or that the other driver was at-fault and uninsured. This leaves only Dawkins' damages as a contested issue subject to discovery. Consequently, Dawkins effort

3

conduct discovery under topics 1, 2 & 7 regarding "coverage matters" is not relevant under Fed. R. Civ. P. 26(b)(1).

Turning to the remaining deposition topics, Knight argues that they seek privileged information relating to claims-handling conduct and Knight's investigation and evaluation of Dawkins' claims and damages.  Knight notes that Dawkins has only asserted a claim for UM benefits under the contract of insurance and has not asserted a first-party claim for bad-faith in the handling of her claim.  Knight contends that attorney-client privilege and work product protections under Kentucky law extend to those portions of an insurer's claim file that contain communications with counsel, mental impressions, conclusions, or legal theories (DN 29, p. 8-9, *citing* Asbury v. Beerbower, 589 S.W.2d 216 (Ky. 1979); Alexander v. Swearer, 642 S.W.2d 896 (Ky. 1982); Newsome v. Lowe, 699 S.W.2d 748 (Ky. App. 1985)).  Knight notes that, when bad-faith and underlying tort actions are filed together, discovery on the bad-faith aspect is typically bifurcated and stayed until the underlying claim is resolved.

DISCUSSION

The testimony of a Rule 30(b)(6) witness represents the knowledge of the corporation, not the individual witness, and thus the testimony of a Rule 30(b)(6) witness is different from that of a "mere corporate employee;" the Rule 30(b)(6) witness does not give his or her own personal opinions but instead presents the corporation's "position" on the topic.  Richardson v. Rock City Mech. Co., LLC, No. 3-09-0092, 2010 WL 711830, at *6 (M.D. Tenn. Feb. 24, 2010) (citation omitted).  When a corporation is served with a notice of a Rule 30(b)(6) deposition, it is obligated to produce a witness or witnesses knowledgeable about the subject or subjects described in the notice and to prepare the witness or witnesses to testify not simply to their own knowledge, but the knowledge of the corporation.  Pogue v. Northwestern Mut. Life Ins. Co., No. 3:14-CV-598-

CRS, 2017 WL 3044763, at *8 (W.D. Ky. July 18, 2017) (citations omitted).  A Rule 30(b)(6)

designee must "be educated and gain the requested knowledge to the extent that it is reasonably

available to the corporation."  Id. (citations omitted).  Thus, such a designee has a duty to

reasonably obtain information from corporate documents, current or prior corporate employees, or

any other sources reasonably available to the corporation.  Id. (citations omitted).

Regardless of the form a discovery request may take, be it by deposition or in written form,

Rule 26 governs the scope.  Rule 26(b)(1) of the Federal Rules of Civil Procedure guides the

evaluation of any discovery request.  Rule 26(b) provides that "[p]arties may obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional

to the needs of the case . . ."  Fed. R. Civ. P. 26(b)(1).  In assessing whether the discovery is

"proportional to the needs of the case," courts should consider "the importance of the issues at

stake in the action, the amount in controversy, the parties' relative access to relevant information,

the parties' resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit."  Id.; Advisory

Committee Notes 2015 Amendment.  The Rule also directs that "[i]nformation within this scope

of discovery need not be admissible in evidence to be discoverable."  Id.

In order to prevail on a claim for UM benefits, as Knight has noted, the Plaintiff must prove

two "essential facts."  First, that the other driver was a tortfeasor, and second, the amount of

damage caused by the other driver.  Preston, 26 S.W.3d at 148.  Here, the first fact is not in dispute

– Knight concedes the fault of the other driver and does not contend that Dawkins bears

comparative fault or failed to mitigate her damages (see DN 29-1at p. 2).  Knight also concedes

that Dawkins was insured for UM claims and has complied with the terms and conditions of the

contract (see Id. at p. 1 and 3).  Knight also does not contest the causal relationship or amount of

medical bills in its possession as of the time it responded to discovery requests two months ago (*see* Id. at p. 3-4). With Knight not contesting coverage, liability, causation and amount of medical expenses, deposition topics 1, 2, 6, 8, 10, 11 and 12 are irrelevant to the issues remaining to be resolved at trial. Moreover, the undersigned believes that topic 7, which inquires as to "Knight's knowledge of Stefanee Dawkins" is so vague that a corporate representative could not reasonably be prepared to respond.

As to the remaining deposition topics related to claims-handling, Knight contends that they encroach upon privilege, asserting both attorney-client communications and attorney work product. This matter was removed from state court under diversity jurisdiction. "In a diversity case, the court applies federal law to resolve work product claims and state law to resolve attorney-client clams." In re Powerhouse Licensing, LLC, 441 F.3d 467, 472 (6th Cir. 2006). Ky. R. Evid. 503 addresses the attorney-client privilege and provides that a client has a privilege against disclosure of a confidential communication made for the purpose of facilitating legal services to the client or those reasonably necessary for the transmission of the communication.

As to attorney work-product, "the work-product doctrine protects an attorney's trial preparation materials from discovery to preserve the integrity of the adversarial process." In re Professionals Direct Ins. Co., 578 F.3d 432, 438 (6th Cir. 2009) (citation omitted). Rule 26 of the Federal Rules of Civil Procedure, which governs the work- product privilege, precludes the discovery of "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative . . ." Fed. R. Civ. P. 26(b)(3)(A).

Knight notes that such information may be discoverable in a first-party bad-faith claim, but only after resolution of the underlying personal injury claim. Only then does claims-handling information become relevant to the bad-faith action. Knight further argues because Dawkins does

not claim Knight has engaged in bad-faith, the claims-handling information is entitled to privileged

protection. The undersigned concurs. Even where bad-faith is alleged in addition to an underlying

personal injury action, courts routinely stay discovery on the bad-faith portion until the carrier's

obligation to pay is established "in order to avoid the product of privileged documents irrelevant

to the contract action and prejudicial to the insurer in the contract action." Gatewood v. Universal

Underwriters Life Ins. Co., No. 5:06-CV-125-R, 2007 U.S. Dist. LEXIS 9710, at *5 (W.D. Ky.

Feb. 7, 2007). In Alvey v. State Farm Fire & Cas. Co., No. 5:17-CV-23-TBR-LLK, 2018 U.S.

Dist. LEXIS 21356, at *12 (W.D. Ky. Feb. 9, 2018), Magistrate Judge King evaluated a similar

Rule 30(b)(6) deposition notice and concluded that the insurance company's investigation notes,

internal reports analyzing and evaluating the claim, statements obtained from third-party witnesses

and communications with counsel were entitled to work-product protection. In Shaheen v.

Progressive Cas. Ins. Co., No. 5:08-CV-34-R, 2012 U.S. Dist. LEXIS 27914, at *14-15 (W.D. Ky.

March 2, 2012) District Judge Russell concluded that, even in a third-party bad-faith case,

attorney-client communications contained within an insurance file are protected by privilege. It

stands to reason that, where documents are subject to privilege protection, requiring a Rule

30(b)(6) witness to testify about the corporation's knowledge of the contents of those documents

would also be barred by privilege.

     **WHEREFORE**, Plaintiff's motion to compel (DN 26) is **DENIED.**

June 7, 2021

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies to:     Counsel of Record